## R. H. Blank and Son, Inc., Appellee, v. Johnson Farm Equipment Company, Appellant.

### Gen. No. 10,401.

Heard in this court at the February term, 1950. ▮ Opinion filed May 4, 1950. Rehearing denied June 26, 1950. Released for publication June 26, 1950.

WILLIAM D. JOHNSON, of Streator, for appellant.

COOK, BLAIR & BALLUFF, of Davenport, and HIBBS, POOL & LANGER, of Ottawa, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

R. H. Blank & Son, Inc., filed a replevin suit in the circuit court of LaSalle county, Illinois, to recover forty wagon gears without wheels, from the defendant, Johnson Farm Equipment Company. The replevin petition was in the usual form and the value of the wagon gears was placed at $3,640. Trial was had before the court without a jury and at the conclusion of the case the trial court found the issues in favor of the plaintiff and awarded them possession of the property.

The evidence shows that these two companies had been doing business with each other for several years. The plaintiff company was the manufacturer of wagons

in the State of Iowa. The Johnson Farm Equipment Company was doing business at Streator, Illinois. At the time of the suit the Johnson Company owed the Blank & Son, Inc., a considerable sum of money. Blank & Son, Inc., had sold and delivered on May 5, 1948, to the Johnson Company, forty wagon gears without wheels. For some reason the Johnson Company became dissatisfied with the last shipment of wheels and on July 7, 1948, wrote R. H. Blank & Son, Inc., the following: "We have now charged these forty gears back to you inasmuch as they are useless to us in their present condition as per enclosed invoice." This letter was signed W. D. Johnson, President. Accompanying the letter was the following:

INVOICE

JOHNSON FARM EQUIPMENT COMPANY

STREATOR, ILLINOIS

234                          DATE   July 7, 1948

YOUR ORDER NO.

TERMS

SOLD TO          SHIPPED TO             RECEIVED
R. H. Blank & Son                            Jul 12 1948
Walcott, Iowa

ROUTE

QUANTITY AND DESCRIPTION      UNIT PRICE   AMOUNT
We bill you for forty (40) incomplete gears that we are still holding on our lot, minus 160 wheels, delivered to us on May 5, 1948...$91.00    $3,640.00

■■ The interpretation of this letter and bill of sale is one of the disputed points in this case. The plaintiff insists that this was a sale of these forty wagon wheels back to it from the Johnson Company. It is not clear from the record just what the Johnson Farm Equipment Company's position is. In the inter-

pretation of written agreements, the courts will usually follow what business people generally would say the language used means. It seems clear to us that when the letter was written, and the bill of sale delivered to R. H. Blank & Son, Inc., that the Johnson Company intended at that time, to transfer title back to the original seller of the goods, and that at the time of the institution of the suit R. H. Blank & Son, Inc., were the owners of the wagon gears in question.

It is seriously insisted by the appellant that the wagon gears that were taken by the sheriff in the writ of replevin, were not the ones that were sold to the plaintiff by the defendant on May 5, 1948, but they had been intermingled with other wagon gears that Johnson had previously bought from the plaintiff, and they could not be identified; that he had sold all, or nearly all of the gears that he purchased from the appellee on May 5, before the replevin suit was started. In this contention he is not sustained by the record.

Mr. Wesley Cook testified in behalf of the plaintiff and stated that he was a shipping clerk for three years for Blank & Company and he saw the gears in question before they were shipped to the Johnson Company, and he again saw them on Johnson's lot August 13. He described certain marks that he had placed on these forty gears that did not appear on other gears; that he examined the gears after they had been returned to the Blank & Company. He told of work he had done to them and said he was able to state positively that the forty gears replevined from the Johnson Company were the ones that had been shipped and delivered to Johnson Company on May 5, 1948.

Mr. Lee Harper, engaged in the trucking business, testified that he delivered the gears in question to Mr. Johnson on or about the fifth of May 1948; that he had hauled forty running gears and placed them in piles in the yard of the Johnson Equipment Company.

He described how he had piled them and where; that later he had been requested by R. H. Blank & Son, Inc., to pick up the forty gears which he had previously delivered; that he went to the Johnson place and asked to have the gears, and Johnson refused; that he went with Mr. Johnson to the lot, and the gears were in approximately the same position, as they were the day when he delivered them.

Mr. Frank Blank, one of the members of the firm of R. H. Blank & Son, Inc., testified that he saw the gears loaded when they were sent to the Johnson Company, and he examined them again when they were returned to his company under the writ of replevin, and that they were the same forty gears, which were charged out to the Johnson Company on the fifth of May 1948.

There was some evidence to the contrary on behalf of the appellant, but the trial court heard the evidence and had an opportunity to see and observe the manner and demeanor of the witnesses, and he found that the gears in question were properly identified, as the ones that had been delivered to the appellant on May 5, 1948. We think that the evidence clearly sustained the court's finding.

The appellant claims that these forty gears were intermingled with other gears of like make and style on his lot, and that it was impossible to tell which ones had been originally purchased, from the ones that were delivered on May 5, 1948. If there was any confusion or intermingling of these gears, it was done by the appellant, and not by the appellee. The law seems to be well settled that where there is intermingling of goods, that the innocent party who has not contributed to the intermingling, can maintain a writ of replevin to recover his proportionate share of the intermingled goods. In Corpus Juris Secundum, vol. 15, page 967, we find the following: ''Persons whose goods have become commingled with those of others may follow and

reclaim their respective shares and take possession of them wherever they can find them, if they can do so peaceably, or they may bring actions for their proportionate shares or the value thereof against the person in possession.''

In vol. 11, American Jurisprudence, page 536, we find similar language: ''Where one confuses his own property with that of another under circumstances which entitle each owner to an aliquot part of the mass, the innocent owner cannot take the whole mass from the intermingler without committing trespass; he should notify the intermingler to make a division of it or take his own property at his peril, taking care to leave to the other as much as belongs to him. If the person in possession withholds the entire mass, replevin will, according to the general rule, lie for the number or quantity owned by the plaintiff, to be taken out of the mass unless an injury will result from the division.''

There have been lengthy briefs filed in this case. It seems clear to us, that the appellee was the owner of these gears in question, at the time this suit was started, and that the property was properly identified, and these are the only material issues in the case.

It is therefore our conclusion that the plaintiff has established its right to recover the replevined property, and the judgment of the trial court should be affirmed.

*Judgment affirmed.*